UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------X
DEBORAH O'BOYLE,                                  :
                                                  :
            Plaintiff,                            :
                                                  :
v.                                                :
                                                  :        21-CV-____
M/V ONO MAHI AHI,                                 :
One 1986 44' Topaz Motor Vessel                   :
Bearing Official No. 904970,                      :
Hull ID No. TPP44044F686                          :
her engines, apparel, tackle, boilers,            :
appurtenances, etc., *in rem* and                 :        MAY 11, 2021
RICHARD STROFFOLINO, *in personam,*               :
                                                  :
            Defendants.                           :
---------------------------------------------------------X

## VERIFIED COMPLAINT

Plaintiff, Deborah O'Boyle ("Plaintiff"), files this Verified Complaint against Defendant M/V ONO MAHI AHI, One 1986 44' Topaz vessel bearing Official No. 904970, Hull ID No. TPP44044F686 ("Vessel"), her engines, apparel, tackle, boilers, appurtenances, etc., *in rem,* and Defendant Richard Stroffolino ("Stroffolino"), *in personam,* and alleges upon information and belief as follows:

### JURISDICTION - PARTIES

1.      This is a case within the admiralty and maritime jurisdiction of this Honorable Court within the meaning of 28 U.S.C. §1333, Federal Rule of Civil Procedure 9(h), and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims. This action is brought under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31301 – 31343 for enforcement of Plaintiff's First Preferred Ship Mortgage and Promissory Note.

2. Venue of this action is properly found in this Honorable Court pursuant to 28 U.S.C. §1391(b).

3. The Vessel is now, or during the pendency of this action will be, within the jurisdiction of this Honorable Court.

4. Upon information and belief, Defendant Stroffolino is a resident of the State of Connecticut with a residence located in Milford, CT. Upon information and belief, Defendant Stroffolino is the sole owner of the Vessel.

5. This Court has personal jurisdiction over Defendant Stroffolino since Stroffolino entered and breached a maritime contract within this District. Further, Stroffolino owns / operates the Vessel in this District during the pendency of this Action.

6. Plaintiff is a natural person who resides in Connecticut.

## FACTS

7. On or about December 16, 2016, Defendant Stroffolino purchased the Vessel. The Vessel was and is documented with the United States Coast Guard. (See USCG Abstract of Title, **Exhibit 1**).

8. To purchase the Vessel, Defendant Stroffolino obtained Sixty Thousand Dollars ($60,000) in financing from Plaintiff Deborah O'Boyle (the "Loan"), which Loan was secured by a Note (the "Note") and a First Preferred Ship Mortgage (the "Mortgage") (collectively the "Loan Documents"). True copies of the Note and the Mortgage are annexed as **Exhibits 2 and 3**, respectively. The Loan Documents gave Plaintiff a security interest in the Vessel, and the Vessel served as collateral for the Loan.

9. As indicated by the document stamp on the first page of the First Preferred Ship Mortgage annexed hereto as **Exhibit 3**, the Mortgage was recorded with the United States Coast

Guard, National Vessel Documentation Center. The Abstract of Title attached hereto as **Exhibit 1** confirms this.

10. The Note provides that the entire unpaid principal balance together with all accrued and unpaid interest was due and payable in full on April 1, 2017. See **Exhibit 2**.

11. To date, the only payments received from Defendant Stroffolino total $2,500.

12. The First Preferred Ship Mortgage provides that Plaintiff may take possession of the Vessel upon default and collect her reasonable attorneys' fees and costs of collection.

13. Defendant Stroffolino has breached the Note and Mortgage by failing to pay the amounts due under the Note. As provided in the Note, the entire unpaid principal balance together with all accrued and unpaid interest was due and payable on April 1, 2017.

14. Defendant Stroffolino did not pay any amount under the Note until November 20, 2020 when $1,500 was paid. Another $1,000 was paid on March 20, 2021.

15. Since the entire unpaid principal balance together with all accrued and unpaid interest ($61,255) was not paid on April 1, 2017, Defendants are in breach of the Note.

16. As of the filing of this Action, the amount currently due from Defendants to Plaintiff is **$84,015.07.** This sum takes into account the two previous payments made by Stroffolino.

## COUNT I:

## Foreclosure of First Preferred Ship Mortgage against Defendant Vessel In Rem

17. Plaintiff repeats and realleges each and every statement and allegation contained in paragraphs 1 through 16 herein.

18. Because of his material breach of the Note and Mortgage, Defendant Stroffolino currently is in default under the Note and Mortgage, leaving a current balance of **$84,015.07** due

and owing to Plaintiff, plus interest at 10 % per annum. Defendants are also in default since, upon information and belief, they have failed to insure the Vessel as required by the Note and Mortgage.

19. As a result of the default, Defendant Stroffolino has caused Plaintiff to incur attorneys' fees and expenses related to Plaintiff exercising her rights under the Note and Mortgage, under which documents Plaintiff is entitled to recover her attorneys' fees, interest and expenses from Defendant Stroffolino.

20. The First Preferred Ship Mortgage provides that failure to pay the amounts owed within 10 days of the due date is an event of default.

21. Defendant Stroffolino's failure to pay the entire unpaid principal balance together with all accrued and unpaid interest was due and payable on April 1, 2017 constitutes default.

22. The First Preferred Ship Mortgage authorizes this foreclosure action where there has been an event of default.

## COUNT II:

### Breach of Contract against Defendant Stroffolino

23. Plaintiff repeats and realleges each and every statement and allegation contained in paragraphs 1 through 22 herein.

24. Plaintiff entered a Promissory Note and First Preferred Ship Mortgage with Defendant Stroffolino.

25. In accordance with the terms of the Promissory Note and First Preferred Ship Mortgage, Plaintiff provided financing to Defendant Stroffolino in the principal amount of $60,000.

26. In breach of the terms of the Promissory Note and First Preferred Ship Mortgage, Defendant Stroffolino has failed to pay the principal balance with interest and to date has only made two payments: One for $1,000 and one for $1,500.

27. As a result of his failure to make the payments required by the Promissory Note and First Preferred Ship Mortgage, Defendant Stroffolino is now in default and has breached the contract.

28. Plaintiff is entitled to contract damages for Defendant Stroffolino's breaches including principal, interest, attorneys' fees, and costs as provided in the Promissory Note and First Preferred Ship Mortgage.

29. Should the Vessel be sold and there is a deficiency between the amount of Plaintiff's lien and the proceeds of the Vessel sale, Plaintiff seeks judgment in the amount of that shortfall against Defendant Stroffolino *in personam*.

**WHEREFORE**, Plaintiff Deborah O'Boyle prays as follows:

A. That process is due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against the Vessel, *in rem,* pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

B. That, pursuant to Rule C(3) of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Honorable Court enter an order authorizing a warrant for the arrest of the Vessel, her engines, machinery, masts, spares, rigging, boats, bunkers, electronics, anchors, cables, chains, tackle, tools, pumps and pumping equipment, apparel, furniture, fittings and equipment, spare parts, and other appurtenances to said Vessel appertaining or belonging whether now owned

or hereinafter acquired, whether on board or not, and all additions, improvements, renewals, and replacements made to said Vessel;

C. That judgment of condemnation and sale be entered against said Vessel, her engines, tackle, appurtenances, etc., and that the Plaintiff's Mortgage be foreclosed;

D. That Defendant Stroffolino and all persons or entities claiming right, title or interest in the Vessel be barred and forever foreclosed of any and all right, claim, lien, interest or equity of redemption of, in and to the Vessel.

E. That the Vessel be sold, and the proceeds of the Vessel be applied to payment under the Note and Mortgage, together with interest, attorneys' fees and expenses thereon, up to the time of payment.

F. That *in personam* Defendant Stroffolino be adjudged liable to Plaintiff O'Boyle for the amounts due under the terms and conditions of the Note, as well as the other Loan Documents, with interest to the time of such payments, any and all sums expended by the Plaintiff or her agents for custodial expenses, insurance premiums and other Vessel care and preservation costs, with interest thereon, up to the time of payment, at the authorized rate;

G. That Defendant Stroffolino may be adjudged to pay the whole residue or deficiency, or so much thereof as this Court may deem to be just and equitable, of the debt remaining unsatisfied after a sale of the Vessel and the application of the proceeds pursuant to the directions contained in such judgment;

H. That Plaintiff be awarded her reasonable attorneys' fees and costs of collection as provided for in the mortgage documents; and

I. The Plaintiff receive such other and further relief as this Court may deem just and proper.

Dated: Southport, CT
       May 11, 2021

                                        Attorneys for the Plaintiff,
                                        Deborah O'Boyle,

                                      By: /s/ *Timothy J. Nast*
                                            Timothy J. Nast
                                            Tisdale & Nast Law Offices, LLC
                                            10 Spruce Street
                                            Southport, CT 06890
                                            Tel:    203 254 8474
                                            Fax:   203 254 1641
                                            *tnast@tisdale-law.com*

## PLAINTIFF'S VERIFICATION

Pursuant to Supplemental Admiralty Rule C(2)(a) and 28 U.S.C. 1746, Plaintiff Deborah O' Boyle states as follows:

1. I am the Plaintiff herein and have personal knowledge of the facts alleged in the foregoing Verified Complaint.

2. I am of legal age and competent to testify as to the matters set forth in this Verification.

3. I attest under penalty of perjury of the laws of the United States that the facts alleged in the foregoing Verified Complaint are true and accurate to best of my knowledge.

4. I have reviewed the Exhibits attached to the Verified Complaint and I am satisfied that they are true and correct copies of the originals of those documents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 10, 2021

Deborah O'Boyle
Plaintiff Deborah O' Boyle

8